## Wytheville.

## OSBORNE V. PULASKI LIGHT & WATER CO.

### JULY 15, 1897.

1. STREETS—*Obvious Obstructions—Duty of Traveller.*—Travellers along a public street have a right to assume that the street is in a reasonably safe condition, and are not required to keep their eyes on the pavement at every moment. But they are bound to use ordinary and reasonable care to avoid danger, and cannot recover for injuries inflicted by coming in contact with obstructions which are obvious to the most casual observer.

Error to a judgment of the Circuit Court of Pulaski county, rendered March 19, 1896, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

*J. C. Wysor,* for the plaintiff in error.

*Phlegar & Johnson* and *T. L. Massie,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case was brought by the plaintiff in error to recover damages for injuries received by her, by falling into a ditch cut by the defendant in error across a sidewalk in the town of Pulaski, while lawfully engaged in laying water pipes.

There was a demurrer to the evidence, and the jury ascertained the damages at $6,000, subject to the opinion of the court

on the demurrer to the evidence, which was rendered in favor of the defendant in error.

This court has repeatedly held that a traveller on a public street is held to the exercise of ordinary care. He has the right to assume that the sidewalk is in a safe condition, and is not required to anticipate danger, but this does not excuse him from the exercise of his own faculties. When reasonable attention on his part will enable him to avoid an open and obvious danger, he cannot recover if he has neglected to exercise that ordinary and reasonable care which is expected and required of every one.

In the case at bar the defendant was engaged in laying a water pipe from the mains under the street to a house fronting on the street. The work was begun on the morning of the accident, and had progressed so far that the necessary ditch had been dug, the pipe laid, and the ditch filled to the curbstone. The ditch across the sidewalk, a distance of six feet, had been dug 18 to 24 inches wide, and 2½ feet deep. In opening the ditch most of the earth was thrown on the north side of it, making a bank across the pavement of nearly two and a half feet high. Two men were working on the ditch in the yard, extending it from the pavement in the direction of the house, one digging and the other shovelling, with nothing to keep a person on the pavement from seeing them. The cart in which the defendant hauled its tools was standing on the south side of the ditch, not far from it, with the wheels against the curb, and the shafts resting on the pavement. A shovel and pipe were resting against the fence opposite the cart, leaving not more than half the width of the pavement unobstructed.

This was the situation of affairs when the plaintiff in error, between ten and eleven o'clock in the morning, came from her house along the opposite side of the street, crossed over to a point 45 to 50 feet from the ditch, turned in that direction, and walked along the sidewalk until she reached the ditch, fell in, and received the injuries complained of, without seeing the pile of earth two and one half feet high across the pavement, the ditch,

cart, or shovel, some of which were open and obvious obstructions across her path.

The plaintiff herself testifies that she came along the sidewalk from the point where she crossed over, without looking in front, but with her face turned away the whole distance, looking at flowers in a yard; that when she fell in the ditch she was still looking to the right and a little backward; that there was nothing to keep her from seeing the ditch; that if she had been looking in front of her she would have seen it; that she was ashamed of falling into the ditch, and hated for any one to see her, or know that she had fallen in it, or to know that she was so clumsy or careless as to fall in it.

Travellers along the public streets are not bound to keep their eyes at every moment on the pavement, but they are bound to exercise reasonable and ordinary care to avoid danger. The evidence in this case shows that the plaintiff was guilty of gross negligence, that she exercised no care or concern for her own safety, and in consequence of her own lack of ordinary prudence she received the injuries complained of.

Under such circumstances she cannot recover, and therefore the judgment of the Circuit Court must be affirmed.

*Affirmed.*